UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
FRANKLYN M. WILLIAMS,  : CASE NO. 1:17-CV-1911
:
Plaintiff, :
:
vs.  : OPINION & ORDER
:
CITY OF CLEVELAND, *et al.*, :
:
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Franklyn M. Williams, a prisoner in the Cuyahoga County Jail, has filed this civil rights action under 42 U.S.C. § 1983 against the City of Cleveland, his criminal defense lawyer Michael J. Cheselka, Cuyahoga Court of Common Pleas Judge Deena Calabrese, and Bailiff Joe Demario. (*See* Doc. Nos. 1, 2.) He seeks $5 million in damages on the basis that, during the course of state criminal proceedings against him, he was misinformed about the possibility of obtaining judicial release in order to be persuaded to effectuate a plea deal.

Federal district courts are expressly required, under 28 U.S.C. § 1915A, to screen any action in which a prisoner seeks redress from "a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In addition, district courts "may, at any time, *sua sponte*

dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction).

The plaintiff's complaint must be dismissed pursuant to § 1915A and *Apple v. Glenn*.

It is well-established that judges and other court officers enjoy absolute immunity from suits seeking monetary damages on claims arising out of the performance of judicial or quasi-judicial functions. *See Wappler v. Carniak*, 24 F. App'x 294, 295-96 (6th Cir. 2001). Judge Calabrese and Bailiff Demario are entitled to absolute immunity from the plaintiff's suit as he clearly seeks to hold them liable for conduct taken within the scope of their judicial or quasi-judicial duties.

It is also firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Jordan v. Kentucky*, No. 3: 09 CV 424, 2009 WL 2163113, at *4 ( W.D. Ky. July 16, 2009). Therefore, the plaintiff cannot assert a damage claim under § 1983 against Mr. Cheselka.

Finally, the plaintiff's complaint fails to allege any plausible claim against the City of Cleveland. A municipality may only be liable under § 1983 when a constitutional deprivation is caused by a policy or custom of the municipality itself. When suing a municipality, an unlawful policy or custom must be alleged. *Modesty v. Shockley*, 434 F. App'x 469, 471, 2011 WL

3416618, at *2 (6th Cir. Aug. 4, 2011), citing *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–691 (1978)) (upholding summary dismissal of a claim against the City of Cleveland where the plaintiff failed allege a municipal policy or custom, or facts that could implicate a policy or custom).  The plaintiff does not allege a municipal policy or custom, and his allegations do not plausibly suggest that an unconstitutional municipal policy or custom of the City of Cleveland caused a deprivation of his constitutional rights.

**Conclusion**

Accordingly, the plaintiff's complaint is dismissed in accordance with 28 U.S.C. § 1915A and *Apple v. Glenn*.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: January 31, 2018          *s/     James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE